1  Frank L. Bernstein (SBN 189504)
   fbernstein@kenyon.com
2  Michelle N. McLeod (SBN 260844)
   mmcleod@kenyon.com
3  KENYON & KENYON LLP
   1801 Page Mill Road, Suite 210
4  Palo Alto, California 94304-1216
   Tel.:  (650) 384-4700
5  Fax:   (650) 384-4701

6  *Attorneys for Plaintiff j2 Global, Inc. and*
   *Advanced Messaging Technologies, Inc.*

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  j2 GLOBAL, INC. and              )  Case No.  2:14-cv-01283
    ADVANCED MESSAGING              )
12  TECHNOLOGIES, INC.              )  **COMPLAINT FOR**
                                    )  **DECLARATORY JUDGMENT**
                                    )  **OF NON-INFRINGEMENT AND**
13                Plaintiffs,       )  **INVALIDITY, AND FOR**
                                    )  **PATENT INFRINGEMENT**
14           v.                     )
                                    )
15  RPOST HOLDINGS, INC.,           )  **DEMAND FOR JURY TRIAL**
    RPOST COMMUNICATIONS,           )
16  LTD., and RMAIL LTD.            )
                                    )
17                Defendants.       )
                                    )
18  _____    )

19

20

21

22

23

24

25

26

27

28

Plaintiffs j2 Global, Inc. ("j2") and Advanced Messaging Technologies, Inc. ("AMT"), for their Complaint against Defendants RPost Holdings, Inc., RPost Communications, Ltd., and RMail Ltd. (collectively "RPost" or "Defendants"), hereby allege upon personal knowledge as to themselves and their conduct and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.      This is an action for declaratory judgment of patent non-infringement and patent invalidity.

2.      This also is an action for patent infringement.

3.      As to the declaratory judgment portion of this action, j2 alleges as follows:

4.      Defendants have asserted that j2 infringes the following patents (hereinafter "RPost's Patents"):

a.      U.S. Patent No. 8,209,389 ("the '389 Patent"), assigned to RPost Communications, Ltd. and entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages," a copy of which is attached to this complaint as Exhibit A;

b.      U.S. Patent No. 8,161,104 ("the '104 Patent"), assigned to RPost Communications, Ltd. and entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages," a copy of which is attached to this complaint as Exhibit B;

c.      U.S. Patent No. 8,468,198 ("the '198 Patent"), assigned to RPost Communications, Ltd. and entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages," a copy of which is attached to this complaint as Exhibit C;

- 1 -

d.   U.S. Patent No. 8,468,199 ("the '199 Patent"), assigned to RPost Communications, Ltd. and entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages," a copy of which is attached to this complaint as Exhibit D;

e.   U.S. Patent No. 8,224,913 ("the '913 Patent"), assigned to RPost Communications, Ltd. and entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages," a copy of which is attached to this complaint as Exhibit E;

f.   U.S. Patent No. 7,966,372 ("the '372 Patent"), assigned to RPost Communications, Ltd. and entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages," a copy of which is attached to this complaint as Exhibit F;

g.   U.S. Patent No. 8,275,845 ("the '845 Patent"), assigned to RPost Communications, Ltd. and entitled "System and Method for Verified Contract Acceptance," a copy of which is attached to this complaint as Exhibit G;

h.   U.S. Patent No. 6,182,219 ("the '219 Patent"), assigned to RMail Ltd. and entitled "Apparatus and Method for Authenticating the Dispatch and Contents of Documents," a copy of which is attached to this complaint as Exhibit H; and

i.   U.S. Patent No. 8,484,706 ("the '706 Patent"), assigned to RPost Communications, Ltd. and entitled "System for, and Method of, Providing the Transmission, Receipt and

- 2 -

1   Content of a Reply to an Electronic Message," a copy of
2   which is attached to this complaint as Exhibit I.

3   5.   As to the patent infringement portion of this action, j2 and
4   AMT allege as follows:

5   6.   AMT alleges that RPost infringes U.S. Patent No. 7,934,148
6   ("the '148 Patent").

7   7.   j2 alleges that RPost  infringes U.S. Patent No. 7,421,514 ("the
8   '514 Patent").

9   **JURISDICTION AND VENUE**

10   8.   The declaratory judgment portion of this action arises under the
11   patent laws of the United States, Title 35 of the United States Code, and, in
12   particular 35 U.S.C. §§ 271, 281, 283-285, and the Declaratory Judgment Act, 28
13   U.S.C. §§ 2201-02.  This Court has subject matter jurisdiction over this action
14   under 28 U.S.C. §§ 1331 and 1338(a), 1367, and 2201-02, because j2's request for
15   a declaratory judgment of patent invalidity and non-infringement arises under the
16   patent laws of the United States and the Declaratory Judgment Act.

17   9.   The patent infringement portion of this action arises under the
18   patent laws of the United States, including Title 35 of the United States Code.
19   Accordingly, this Court has subject matter jurisdiction over this action pursuant to
20   28 U.S.C. §§ 1331 and 1338(a).

21   10.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and
22   (c), and § 1400(b).  Defendants' allegations giving rise to a controversy were made
23   in this District, Defendants are doing business in this District, and Defendants' acts
24   of infringement have occurred in this District.

25   **PARTIES**

26   11.   Plaintiff j2 is a corporation organized under the laws of the
27   State of Delaware with its principal place of business at 6922 Hollywood

28

- 3 -

COMPLAINT

Boulevard, Suite 500, Los Angeles, California, 90028.  j2 provides messaging and communications services to millions of customers around the world.

12.     Plaintiff AMT is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California, 90028.  AMT is a wholly-owned subsidiary of j2 Global, Inc.

13.     Defendant RPost Holdings, Inc. is a corporation organized under the laws of the State of Delaware with its designated principal place of business at 6033 West Century Boulevard, Suite 1278, Los Angeles, California, 90045.

14.     On information and belief, Defendant RPost Communications, Ltd., is an international corporation organized under the laws of the Nation of Bermuda, with its primary place of business at 69, Pitts Bay Road, Pembroke, HM 08, Bermuda.

15.     On information and belief, Defendant RMail Ltd. is an international corporation organized under the laws of the Nation of Bermuda, with its primary place of business at 71, Pitts Bay Road, Pembroke, HM 08, Bermuda.

16.     RPost offers email services that provide email tracking, proof of delivery, message encryption, message management, and electronic signatures which enable both sender and recipient to prove, sign, encrypt, archive and collaborate across desktop, mobile and online email platforms, for customers across the United States.

17.     RPost has offices in and is doing business in California, including in this District.  RPost additionally solicits customers in this District.

- 4 -

**BACKGROUND**

**DECLARATORY JUDGMENT**

18.     With respect to RPost's Patents, an actual controversy exists between j2 and Defendant by virtue of Defendant's assertion of rights under each of the identified RPost Patents based on certain ongoing activity by j2.

19.     On January 2, 2014, RPost sent a cease and desist letter to j2 through j2's outside legal counsel.  RPost alleged in that letter that j2's Campaigner™ product and service infringes and continues to infringe RPost's Patents.

20.     In the January 2 letter, RPost alleged as follows, which allegations j2 denies: "[j2] offers products and services that infringe certain patents owned by RPost" and "[j2's] continued use of RPost technology without permission from RPost is willful, and is causing RPost irreparable harm."

21.     j2 contends that it has a right to engage in making, using, offering to sell, and selling its products, including its email marketing products without license from RPost.

22.     j2 does not make, use, or sell any product or service that infringes any valid claim of the RPost Patents.

23.     Between August 2012 and January 2014, RPost has filed Complaints for Patent Infringement in the U.S. District Court for the Eastern District of Texas against a number of different companies.  In at least 12 of those complaints, RPost has alleged infringement of one or more of the '389, '104, '199, '913, '372, '706, '845, and '219 Patents.

24.     As a result of RPost's allegations against j2 and RPost's general course of conduct, j2 has a reasonable apprehension that RPost will file suit against j2.  An actual and justiciable controversy exists between j2 and RPost as to whether j2 infringes or induces infringement of any valid and enforceable claim of RPost's Patents by manufacturing and/or selling email marketing products.

- 5 -

**PATENT INFRINGEMENT**

25.     AMT is the owner, by assignment, of U.S. Patent No. 7,934,148 ("the '148 Patent"), entitled "Systems and Method for Storing, Delivering, and Managing Messages", which was issued to Charles Bobo II on April 26, 2011, by the United States Patent and Trademark Office ("PTO").  A true and correct copy of the '148 Patent is attached to this complaint as Exhibit J.

26.     The claims of the '148 Patent are valid and enforceable.

27.     j2 is the owner, by assignment, of U.S. Patent No. 7,421,514 ("the '514 Patent"), entitled "Messaging Protocol for Processing Messages with Attachments by Inserting into a Field of the Message a Unique Property of the Attaching Entity", which was issued to Jacob J. Lee on September 2, 2008, by the United States Patent and Trademark Office ("PTO").  A true and correct copy of the '514 Patent is attached to this complaint as Exhibit K.

28.     The claims of the '514 Patent are valid and enforceable.

29.     RPost offers its customers a messaging service, called RPost Registered Email® service, that provides tracking, proof of content and delivery, time-stamping and receipt records for email messages sent using the RPost service. http://www.rpost.com/registered-email/feature-summary

30.     As part of its Registered Email services, RPost offers a Digital Seal® that "add[s] the sender's hand scripted signature on the bottom of the outbound email and attached PDF documents." http://www.rpost.com/downloads/Datasheets/rpost_2012_service_registered_email _proof.pdf

31.     As part of its Registered Email services, RPost offers its customers a messaging service, called RPost LargeMail™ service, that delivers large attachments with RPost's Registered Email® service.

32.     According to RPost's own description, the "Large Media File Auto-Play Option provides recipient choice to download large files (up to 200Mb)

- 6 -

1  or play the media files from the RPost servers – automatically streaming content so
2  the content is viewable on devices that might not have storage requirements to
3  download the files." http://www.rpost.com/largemail

4       33.    RPost markets to potential customers in this judicial district.
5  According to RPost's own description: "The Los Angeles County Bar Association
6  has endorsed RPost's Registered Email® services and conducts educational and
7  promotional campaigns to 70,000 attorney members and affiliates."
8  http://www.rpost.com/industries/legal

9       34.    The systems and methods employed by RPost in providing its
10  LargeMail Service infringe one or more claims of the '148 Patent, including claim
11  1.

12       35.    Unless enjoined by this Court, RPost will continue to infringe
13  the '148 Patent.

14       36.    The systems and methods employed by RPost in providing its
15  Registered Email® Service infringe one or more claims of the '514 Patent,
16  including claim 1.

17       37.    Unless enjoined by this Court, RPost will continue to infringe
18  the '514 Patent.

19

20  **<u>COUNT I</u>**
21  **CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
22  **('389 PATENT)**

23       38.    j2 incorporates by reference the allegations contained in
24  paragraphs 1 through 37 above as though fully set forth herein.

25       39.    The manufacture, use, offer for sale and/or sale in the United
26  States of any of j2's products or services does not directly infringe any valid claim
27  of the '389 Patent.

28

40.    j2 does not contribute to the infringement of, or induce others to infringe, any valid claim of the '389 Patent.

41.    An actual controversy exists between j2 and Defendant RPost Communications, Ltd. as to whether the accused products or services infringe the '389 Patent.

42.    Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that j2 does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '389 Patent.

## COUNT II

### CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY
### ('389 PATENT)

43.    j2 incorporates by reference its allegations contained in paragraphs 1 through 42 above as though fully set forth herein.

44.    The '389 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code.  No claim of the '389 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by j2 and the alleged invention of the '389 Patent is taught by, and/or obvious in view of, the prior art.  A Petition for Covered Business Method Patent Review dated October 16, 2013 was filed against the '389 Patent.

45.    An actual controversy thus exists between j2 and Defendant RPost Communications, Ltd. as to whether the '389 Patent is valid.

46.    Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that the '389 Patent is invalid.

- 8 -

COMPLAINT

## COUNT III

### CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT ('104 PATENT)

47.     j2 incorporates by reference  the allegations contained in paragraphs 1 through 46 above as though fully set forth herein.

48.     The manufacture, use, offer for sale and/or sale in the United States of any of j2's products or services does not directly infringe any valid claim of the '104 Patent.

49.     j2 does not contribute to the infringement of, or induce others to infringe, the '104 Patent.

50.     An actual controversy exists between j2 and Defendant RPost Communications, Ltd. as to whether the accused products or services infringe the '104 Patent.

51.     Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that j2 does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '104 Patent.

## COUNT IV

### CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY ('104 PATENT)

52.     j2 incorporates by reference its allegations contained in paragraphs 1 through 51 above as though fully set forth herein.

53.     j2 alleges that the '104 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code.  No claim of the '104 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by j2 and the alleged invention of the '104 Patent is taught by, and/or obvious in view of, the prior art.  A Petition for

Covered Business Method Patent Review dated January 29, 2014 was filed against the '104 Patent.

54.    An actual controversy thus exists between j2 and Defendant RPost Communications, Ltd. as to whether the '104 Patent is valid.

55.    Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that the '104 Patent is invalid.

## COUNT V

### CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT ('198 PATENT)

56.    j2 incorporates by reference the allegations contained in paragraphs 1 through 55 above as though fully set forth herein.

57.    The manufacture, use, offer for sale and/or sale in the United States of any of j2's products or services does not directly infringe any valid claim of the '198 Patent.

58.    j2 does not contribute to the infringement of, or induce others to infringe, the '198 Patent.

59.    An actual controversy exists between j2 and Defendant RPost Communications, Ltd.  as to whether the accused products or services infringe the '198 Patent.

60.    Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that j2 does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '198 Patent.

- 10 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT VI

### CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY

### ('198 PATENT)

61.    j2 incorporates by reference its allegations contained in paragraphs 1 through 60 above as though fully set forth herein.

62.    j2 alleges that the '198 Patent is invalid.  The '198 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code.  No claim of the '198 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by j2 and the alleged invention of the '198 Patent is taught by, and/or obvious in view of, the prior art.

63.    An actual controversy thus exists between j2 and Defendant RPost Communications, Ltd. as to whether the '198 Patent is valid.

64.    Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that the '198 Patent is invalid.


## COUNT VII

### CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

### ('199 PATENT)

65.    j2 incorporates by reference the allegations contained in paragraphs 1 through 64 above as though fully set forth herein.

66.    The manufacture, use, offer for sale and/or sale in the United States of any of j2's products or services does not directly infringe any valid claim of the '199 Patent.

67.    j2 does not contribute to the infringement of, or induce others to infringe, the '199 Patent.

- 11 -

COMPLAINT

68.     An actual controversy exists between j2 and Defendant RPost Communications, Ltd. as to whether the accused products or services infringe the '199 Patent.

69.     Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that j2 does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '199 Patent.

## COUNT VIII

### CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY
### ('199 PATENT)

70.     j2 incorporates by reference its allegations contained in paragraphs 1 through 69 above as though fully set forth herein.

71.     j2 alleges that the '199 Patent is invalid.  The '199 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code.  No claim of the '199 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by j2 and the alleged invention of the '199 Patent is taught by, and/or obvious in view of, the prior art.  A Petition for Inter Partes Review dated January 15, 2014 was filed against the '199 Patent.

72.     An actual controversy thus exists between j2 and Defendant RPost Communications, Ltd. as to whether the '199 Patent is valid.

73.     Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that the '199 Patent is invalid.

1

2

3

**COUNT IX**

**CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

**('913 PATENT)**

4      74.    j2 incorporates by reference the allegations contained in

5  paragraphs 1 through 73 above as though fully set forth herein.

6      75.    The manufacture, use, offer for sale and/or sale in the United

7  States of any of j2's products or services does not directly infringe any valid claim

8  of the '913 Patent.

9      76.    j2 does not contribute to the infringement of, or induce others to

10  infringe, the '913 Patent.

11      77.    An actual controversy exists between j2 and Defendant RPost

12  Communications, Ltd. as to whether the accused products infringe the '913 Patent.

13      78.    Accordingly, j2 seeks and is entitled to a judgment against

14  Defendant RPost Communications, Ltd. that j2 does not infringe and has not

15  infringed, directly or indirectly, contributorily or by inducement, the '913 Patent.

16

17

18

19

**COUNT X**

**CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY**

**('913 PATENT)**

20      79.    j2 incorporates by reference its allegations contained in

21  paragraphs 1 through 78 above as though fully set forth herein.

22      80.    j2 alleges that the '913 Patent is invalid.  The '913 Patent is

23  invalid for failure to meet at least one of the conditions of patentability specified in

24  Title 35 of the United States Code.  No claim of the '913 Patent can be validly

25  construed to cover any products imported, made, used, sold or offered for sale by

26  j2 and the alleged invention of the '913 Patent is taught by, and/or obvious in view

27  of, the prior art.  A Petition for Covered Business Method Patent Review dated

28  October 11, 2013 was filed against the '913 Patent.

- 13 -

81.     An actual controversy thus exists between j2 and Defendant RPost Communications, Ltd. as to whether the '913 Patent is valid.

82.     Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that the '913 Patent is invalid.

## COUNT X

### CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### ('372 PATENT)

83.     j2 incorporates by reference the allegations contained in paragraphs 1 through 82 above as though fully set forth herein.

84.     The manufacture, use, offer for sale and/or sale in the United States of any of j2's products or services does not directly infringe any valid claim of the '372 Patent.

85.     j2 does not contribute to the infringement of, or induce others to infringe, the '372 Patent.

86.     An actual controversy exists between j2 and Defendant RPost Communications, Ltd. as to whether the accused products infringe the '372 Patent.

87.     Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that j2 does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '372 Patent.

## COUNT XI

### CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY
### ('372 PATENT)

88.     j2 incorporates by reference its allegations contained in paragraphs 1 through 87 above as though fully set forth herein.

89.     j2 alleges that the '372 Patent is invalid.  The '372 Patent is invalid for failure to meet at least one of the conditions of patentability specified in

- 14 -

Title 35 of the United States Code.  No claim of the '372 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by j2 and the alleged invention of the '372 Patent is taught by, and/or obvious in view of, the prior art.  A Petition for Inter Partes Review dated January 15, 2014 was filed against the '372 Patent.

90.    An actual controversy thus exists between j2 and Defendant RPost Communications, Ltd. as to whether the '372 Patent is valid.

91.    Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that the '372 Patent is invalid.

## COUNT XII

## CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT ('845 PATENT)

92.    j2 incorporates by reference the allegations contained in paragraphs 1 through 91 above as though fully set forth herein.

93.    The manufacture, use, offer for sale and/or sale in the United States of any of j2's products or services does not directly infringe any valid claim of the '845 Patent.

94.    j2 does not contribute to the infringement of, or induce others to infringe, the '845 Patent.

95.    An actual controversy exists between j2 and Defendant RPost Communications, Ltd. as to whether the accused products infringe the '845 Patent.

96.    Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that j2 does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '845 Patent.

## COUNT XIII

## CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY

### ('845 PATENT)

97.    j2 incorporates by reference its allegations contained in paragraphs 1 through 96 above as though fully set forth herein.

98.    j2 alleges that the '845 Patent is invalid.  The '845 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code.  No claim of the '845 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by j2 and the alleged invention of the '845 Patent is taught by, and/or obvious in view of, the prior art.

99.    An actual controversy thus exists between j2 and Defendant RPost Communications, Ltd. as to whether the '845 Patent is valid.

100.    Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Comunications, Ltd. that the '845 Patent is invalid.

## COUNT XIV

## CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

### ('219 PATENT)

101.    j2 incorporates by reference the allegations contained in paragraphs 1 through 100 above as though fully set forth herein.

102.    The manufacture, use, offer for sale and/or sale in the United States of any of j2's products or services does not directly infringe any valid claim of the '219 Patent.

103.    j2 does not contribute to the infringement of, or induce others to infringe, the '219 Patent.

104.    An actual controversy exists between j2 and Defendant RMail Ltd. as to whether the accused products infringe the '219 Patent.

105.   Accordingly, j2 seeks and is entitled to a judgment against Defendant RMail Ltd. that j2 does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '219 Patent.

## COUNT XV

## CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY

## ('219 PATENT)

106.   j2 incorporates by reference its allegations contained in paragraphs 1 through 105 above as though fully set forth herein.

107.   j2 alleges that the '219 Patent is invalid.  The '219 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code.  No claim of the '219 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by j2 and the alleged invention of the '219 Patent is taught by, and/or obvious in view of, the prior art.

108.   An actual controversy thus exists between j2 and Defendant RMail Ltd. as to whether the '219 Patent is valid.

109.   Accordingly, j2 seeks and is entitled to a judgment against Defendant RMail Ltd. that the '219 Patent is invalid.

## COUNT XVI

## CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

## ('706 PATENT)

110.   j2 incorporates by reference the allegations contained in paragraphs 1 through 109 above as though fully set forth herein.

111.   The manufacture, use, offer for sale and/or sale in the United States of any of j2's products or services does not directly infringe any valid claim of the '706 Patent.

112.   j2 does not contribute to the infringement of, or induce others to infringe, the '706 Patent.

113.   An actual controversy exists between j2 and Defendant RPost Communications, Ltd. as to whether the accused products infringe the '706 Patent.

114.   Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that j2 does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '706 Patent.

## COUNT XVII

## CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY
## ('706 PATENT)

115.   j2 incorporates by reference its allegations contained in paragraphs 1 through 114 above as though fully set forth herein.

116.   j2 alleges that the '706 Patent is invalid.  The '706 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code.  No claim of the '706 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by j2 and the alleged invention of the '706 Patent is taught by, and/or obvious in view of, the prior art.

117.   An actual controversy thus exists between j2 and Defendant RPost Communications, Ltd. as to whether the '706 Patent is valid.

118.   Accordingly, j2 seeks and is entitled to a judgment against Defendant RPost Communications, Ltd. that the '706 Patent is invalid.

## COUNT XVIII

### CLAIM FOR PATENT INFRINGEMENT

### UNDER 35 U.S.C. § 271('148 PATENT)

119.   AMT incorporates by reference the allegations in paragraphs 1 through 118 of this complaint above as though fully set forth herein.

120.   RPost has offered to sell and provide, has sold and provided, and continues to offer to sell and provide and to sell and provide, in the United States and in this District, products and services that infringe one or more claims of the '148 Patent, including, but not limited to, Claim 1.

121.   Unless enjoined by this Court, RPost will continue to infringe the claims of the '148 Patent.

122.   By reason of the foregoing, RPost has caused AMT damages in the amount of at least a reasonable royalty for RPost's continued infringement of the '148 Patent, to which AMT is entitled.

## COUNT XIX

### CLAIM FOR PATENT INFRINGEMENT

### UNDER 35 U.S.C. § 271('514 PATENT)

123.   j2 incorporates by reference the allegations in paragraphs 1 through 122 of this complaint.

124.   RPost has offered to sell and provide, has sold and provided, and continues to offer to sell and provide and to sell and provide, in the United States and in this District, products and services that infringe one or more claims of the '514 Patent, including, but not limited to, Claim 1.

125.   Unless enjoined by this Court, RPost will continue to infringe the claims of the '514 Patent.

1  126.   By reason of the foregoing, RPost has caused j2 damages in the

2  amount of at least a reasonable royalty for RPost's continued infringement of the

3  '514 Patent, to which j2 is entitled.

4

5  **<u>PRAYER FOR RELIEF</u>**

6  WHEREFORE, j2 and AMT demand judgment on their Complaint as

7  follows:

8  A.   A declaration that j2 does not infringe any RPost patent;

9  B.   A declaration that the RPost Patents are invalid;

10  C.   A permanent injunction against RPost's continued infringement

11  of the '148 Patent;

12  D.   A permanent injunction against RPost's continued infringement

13  of the '514 Patent;

14  E.   An award of damages in an amount of not less than a

15  reasonable royalty for RPost's infringement of the '148 Patent;

16  F.   An award of damages in an amount of not less than a

17  reasonable royalty for RPost's infringement of the '514 Patent.

18  G.   An award of interest and costs;

19  H.   Such other and further relief as the Court deems proper.

20
21  Dated:  February 19, 2014                 Respectfully submitted,

22
23  _____
24  Frank L. Bernstein (SBN 189504)
Michelle N. McLeod (SBN 260844)
25  KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
26  (650) 384-4700
(650) 384-4701 facsimile
27
28  *Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.*

- 20 -

1

## DEMAND FOR TRIAL BY JURY

2    Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.

3  hereby demand a trial by jury.

4

5  Dated:  February 19, 2014                    Respectfully submitted,

6

7    _____

8    Frank L. Bernstein (SBN 189504)
     Michelle N. McLeod (SBN 260844)
9    KENYON & KENYON LLP
     1801 Page Mill Road, Suite 210
10   Palo Alto, California 94304-1216
     (650) 384-4700
11   (650) 384-4701 facsimile

12   *Attorneys for Plaintiffs j2 Global, Inc. and*
     *Advanced Messaging Technologies, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 21 -